UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL MARCEL CARTER,

        Plaintiff,                      Case No. 1:11-cv-766

v.                                       Honorable Paul L. Maloney

UNKNOWN MAWER et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Shroad, Bolden, and Smith. The Court will serve the complaint against Defendant Mawer.

**Discussion**

I.   Factual allegations

Plaintiff Joel Marcel Carter presently is incarcerated at the Gus Harrison Correctional Facility, though the actions about which he complains occurred while he was housed at the Ionia Maximum Correctional Facility (ICF). He sues the following ICF employees: Corrections Officer (unknown) Mawer; Sergeant (unknown) Shroad; Resident Unit Manager (RUM) (unknown) Bolden; and Warden Willie Smith.

Plaintiff alleges that, on April 21, 2010, Defendant Mawer placed him in handcuffs and escorted him to the shower. When Plaintiff turned on the water in the shower, he discovered that the drain was clogged, and water immediately began to back up. Plaintiff banged on the shower cell door, asking to be transferred to another shower so that he did not have to stand in water that was contaminated by other prisoners' bodily fluids. Mawer placed Plaintiff in restraints and began to escort him back to his cell. Plaintiff complained, saying that he had not had a shower, and he demanded to speak with a sergeant or lieutenant. Defendant Sergeant Shroad approached Plaintiff and asked what his problem was. Plaintiff explained about the shower. Shroad looked, saw the shower was flooded, and ordered Defendant Mawer and Officer Heisman to escort Plaintiff to another shower.

Plaintiff was transferred to another shower. After Plaintiff's shower, Mawer placed Plaintiff in restraints, saying, "[Y]ou like complaining uh." (Compl., docket #1, Page ID#4.) Plaintiff responded that he needed to shower and he was not going to let the officers treat him that way. Mawer stated, "I don't like that shit!" Plaintiff then responded, "So." (*Id.*, Page ID##4-5.) At the point, Mawer grabbed both the handcuffs and Plaintiff's arm, flinging Plaintiff's body into

the brick wall. Mawer placed his forearm across Plaintiff's neck, pinning him to the wall and saying, "[Y]ou smart-ass motherfucker!" Mawer then threw Plaintiff to the ground and jumped on him, kneeing Plaintiff in the face and splitting Plaintiff's chin on the floor. Mawer placed his thumbs against a pressure point in Plaintiff's neck, causing grinding and popping. Other officers responded to the scene, piling on top of Plaintiff and causing Plaintiff's back to bend "inwards." (*Id.*, Page ID#5.) Mawer then jumped up and began claiming, "[H]e tried to spit on me, he tried to spit on me." (*Id.*)

Shortly after the incident, Defendant Shroad and a nurse approached Plaintiff's cell door. The nurse asked whether Plaintiff had suffered injuries. Plaintiff told the nurse that he was experiencing pain in his neck and severe back pain. Plaintiff asked that he be allowed to go to the medical examination room for an examination of the injuries. Shroad refused to allow him to be taken out of his cell. Plaintiff told Shroad that Mawer had assaulted him because he had complained to Shroad about the shower. Shroad stated that Mawer claimed that Plaintiff spat on him. Plaintiff claimed that Mawer was lying and asked the nurse to sample the saliva on Mawer to be used as evidence that Mawer had spat on himself to cover up the assault. Shroad refused to get a sample.

Mawer filed a false misconduct report alleging that Plaintiff had assaulted him by spitting on his shirt. The next day, Defendant RUM Bolden had Plaintiff brought to the day room and then ordered the attending officers to leave. Bolden told Plaintiff that she had reviewed the video of the incident and did not know whether to believe Plaintiff or Mawer. But she advised Plaintiff that she did not want to be a part of the issue. Plaintiff then filed a grievance, which Shroad investigated and denied. Plaintiff appealed the denial of the grievance to Defendant Smith, who also denied the grievance.

As a result of the assault, Plaintiff could not bend his back or turn his head for two weeks, and he was in substantial pain. He contends that Mawer used excessive force without penological justification, in violation of the Eighth Amendment. He also alleges that Mawer's assault and false misconduct charge were made in retaliation for Plaintiff's exercise of his First Amendment rights. For relief, Plaintiff seeks compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Excessive Force and Retaliation

Plaintiff's Eighth Amendment and retaliation claims against Defendant Mawer are sufficient to state a claim. However, Plaintiff fails to make specific factual allegations about the involvement of Defendants Shroad, Bolden and Smith in the assault or retaliation, other than his claim that they failed to adequately investigate his complaints or grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.

*See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Shroad, Bolden, or Smith engaged in any active unconstitutional behavior with respect to the assault. Accordingly, he fails to state a claim against them.

### B. Lack of Medical Treatment

Plaintiff does not expressly claim that he was denied necessary medical treatment for his neck. However, reading his complaint liberally, Defendant Shroad's refusal to allow Plaintiff to go to health care immediately after the assault arguably suggests a claim under the Eighth Amendment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here

the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations, even construed liberally, fail to support either prong of an Eighth Amendment claim against Defendant Shroad. First, while Plaintiff alleges that his neck and back hurt for two weeks, he does not allege that he required immediate treatment or that his injuries were sufficiently serious that they should have been obvious even to a lay person,. Second, Plaintiff at no time complains that Shroad prevented Plaintiff from receiving any medical treatment for his injuries or that Shroad denied him the right to use painkillers. As a result, Plaintiff fails to demonstrate either that he had a sufficiently serious and obvious injury or that Shroad was aware of and deliberately indifferent to a substantial risk of serious harm to Plaintiff. Plaintiff therefore fails to allege an Eighth Amendment claim against Defendant Shroad.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Shroad, Bolden, and Smith will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Mawer.

An Order consistent with this Opinion will be entered.

Dated: August 19, 2011  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge