UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JOEL MARCEL CARTER, # 410324, | ) |
| Plaintiff, | ) Case No. 1:11-cv-766 |
| v. | ) Honorable Paul L. Maloney |
| DONALD MAWER, | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. The lawsuit arises out of a major misconduct conviction at Ionia Maximum Correctional Facility (ICF). On April 21, 2010, plaintiff was charged with the major misconduct of committing an assault and battery on Resident Unit Officer (RUO) Donald Mawer. A hearings officer found plaintiff guilty. Plaintiff's conviction has never been overturned. More than a year after his conviction, plaintiff filed this lawsuit alleging that RUO Mawer used excessive force in violation of his Eighth Amendment rights and retaliated against him in violation of his First Amendment rights. He sues defendant in his individual capacity and seeks damages.

The matter is now before the court on defendant's motion for summary judgment. (docket # 14). Plaintiff has filed his response (docket #s 28, 29), and defendant's motion is ready for decision. For the reasons set forth herein, I recommend that defendant's motion for summary judgment be granted and that judgment be entered in defendant's favor on all plaintiff's claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Gecewicz v. Henry Ford Hosp. Corp.*, 683 F.3d 316, 321 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wasek v. Arrow Energy Services, Inc.*, 682 F.3d 463, 467 (6th Cir. 2012).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543,

549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. At all times relevant to his complaint, plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) serving sentences on various criminal convictions, including a sentence imposed in 2007 on his indecent exposure conviction. (docket # 15-1, ID# 156). Before the event at issue, plaintiff had an extensive history of major misconduct convictions for exposure, words and acts of a sexual nature, sexual misconduct, and assaults and batteries against prison staff members.[1] (Mawer Aff. ¶¶ 8-10, docket # 15-1, ID# 116). On April 21, 2010, plaintiff was an inmate at the Ionia Maximum Correctional Facility (ICF).[2] (Compl. ¶ 8, ID# 3). ICF's Housing Unit 1 is equipped with a "grooming cell" designed to address a serious behavior problem displayed by some ICF inmates: male prisoners

---

[1] Plaintiff asks the court to disregard all other acts of prison misconduct because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. (Plf. Brief at 5, docket # 29). There is no danger of unfair prejudice. The April 21, 2010 incident is the only incident at issue. All other instances of misconduct are considered only to the extent that they informed defendant's decision to take plaintiff to the grooming cell and the level of force he used in response to plaintiff's major misconduct.

[2] Plaintiff's complaint is verified under penalty of perjury. (docket # 1 at ID# 14). It is considered as an affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). However, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

masturbating in the showers in front of female staff members. (Mawer Aff. ¶¶ 6, 7, docket # 15-1, ID# 116).

RUO Donald Mawer is a state employee at ICF. (Mawer Aff. ¶ 2, ID# 115). On April 21, 2010, Mawer escorted plaintiff to the grooming cell to allow him to shower. Plaintiff expressed a preference for a different shower, which would have allowed him to readily observe staff members and where they could observe him. (Mawer Aff. ¶¶ 4, 11, ID#s 115, 117). Mawer found that there was nothing broken or misplaced in the grooming cell shower, so he denied plaintiff's request. (*Id.*). After plaintiff entered the grooming cell, defendant locked the door behind plaintiff and removed his restraints. Because prisoners are allotted 12-to-15 minutes to shower, Mawer temporarily left the area to conduct other duties. (*Id.* at ¶¶ 12, 13, ID# 117).

RUO Mawer returned and attempted to escort plaintiff back to his cell. The video (docket # 31) shows Mawer casually escorting plaintiff up the stairs. Mawer was the only guard escorting plaintiff. Plaintiff was not wearing leg restraints. Mawer had only one hand on plaintiff's handcuffs. Mawer's left hand was on the handrail. As they cleared the top of the stairs and turned left towards plaintiff's cell, plaintiff became very agitated and began twisting his hands. This caused Mawer's right hand to become pinched between the handcuffs. Plaintiff turned and spat on Mawer, striking him on the left arm. (Mawer Aff. ¶ 15, ID# 117). The video shows that Mawer responded to plaintiff's attack by briefly pinning him against a wall in an effort to regain control over plaintiff's movements. Plaintiff continued to resist. Mawer wrestled plaintiff to the floor, and within a few seconds, six corrections officers came to Mawer's aid. (docket # 31). Mawer left the area immediately after the other officers had control over plaintiff's movements. (docket # 26; Mawer Aff. ¶¶ 16-18, ID#s 117-18). The others were able to secure plaintiff's ankles in leg irons. When

plaintiff stopped resisting, he was returned to his cell without further incident. (docket # 15-1, ID#s 159-69; docket # 31). There is no medical evidence that plaintiff suffered any injury. He states that he "could not bend his back nor turn his head" for a week or two. (Compl. ¶¶ 19, 30, ID#s 7, 10).

RUO Mawer wrote the major misconduct ticket charging plaintiff with assault and battery on a member of the prison staff: specifically, spitting on Mawer's left arm and kicking his right knee. (docket # 15-1, ID# 170). On May 5, 2010, a hearing officer conducted a hearing and found plaintiff guilty of the major misconduct charge. (*Id.* at ID# 172). Plaintiff's "actions were done in anger or with the intent to abuse, as the spitting upon the officer and the physical strike to his legs served no legitimate purpose." (*Id.*). The hearing officer imposed the disciplinary sanction of loss of privileges for 30 days, beginning on December 28, 2014, and ending on January 27, 2015. (*Id.*). As a result of this conviction, plaintiff was classified to administrative segregation and discharged from a treatment program. (docket # 15-1, ID# 172; Plf. Decl. ¶ 14, docket # 29-1, ID# 249; Mawer Aff. ¶¶ 21-25, ID#s 118-19). Plaintiff's major misconduct conviction has never been overturned.

While the major misconduct charge was pending, plaintiff filed a grievance alleging that Mawer had "maliciously attacked" him. (docket # 15-3, ID#s 185-86). On April 28, 2010, the grievance was denied for lack of merit. (*Id.* at ID# 187). The denial of the grievance was upheld at every step of the MDOC's appeal process. (*Id.* at ID#s 182-84). Plaintiff's grievance and related appeals are devoid of any claim by plaintiff that Mawer attacked him because he had complained that the grooming unit's shower drain was clogged.

On July 25, 2011, plaintiff filed his complaint. He states that when he turned on the grooming unit shower on April 21, 2010, he found that its drain was clogged. He asked to be

transferred to another shower "so that [he] did not have to stand in water contaminated by other prisoner[s'] bodily fluids." (Plf. Decl. ¶ 3, ID# 247; Compl. ¶¶ 9-10, ID#s 3, 4). He states that Sergeant Shroad saw the flooded shower and ordered Mawer to take plaintiff to another shower. (Compl. ¶ 11, ID# 4). Plaintiff alleges that he had this verbal exchange with Mawer while he was being escorted back to his cell:

> Plaintiff then walked up the steps as MAWER stated "you like complaining uh." Plaintiff replied "I had to shower. I wasn't going to let yall do me like that". MAWER then stated "I don't like that shit!" Plaintiff replied, "so."

(*Id.* at ¶ 12, ID#s 4-5). Plaintiff's pleading and declaration then go on to describe a brutal beating by RUO Mawer, which is utterly refuted by the video evidence.³ (*Id.* at ¶¶ 12-13, ID#s 4-5; Plf. Decl. ¶¶ 7, 8, 11, ID#s 248-49).

## Discussion

**1.     Eighth Amendment**

As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment.⁴ *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment

---

³The Supreme Court and the Sixth Circuit have recognized that the court need not accept a party's characterization of events as true where, as here, it is blatantly contradicted by the video evidence. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *Neal v. Melton*, 453 F. App'x 572, 577 (6th Cir. 2011). The same is true for prisoner Feierabend's statement. (docket # 29-5, ID#s 268-69). Further, Feierabend's statement is made on "information and belief" and does not satisfy the statutory requirements for an unsworn declaration. 28 U.S.C. § 1746; *see Tenneco Auto. Operating Co. v. Kingdom Auto Parts*, 410 F. App'x 841, 848 (6th Cir. 2010); *Bruner-McMahon v. Hinshaw*, 846 F. Supp. 2d 1177, 1186 n. 6 (D. Kan. 2012) (collecting cases).

⁴ The Eighth Amendment's Cruel and Unusual Punishments Clause applies to the States through the Fourteenth Amendment's Due Process Clause. *See Graham v. Florida*, 130 S. Ct. 2011,

embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham*, 430 U.S. at 670. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312, 320-21 (1986)]: whether the force was applied as a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has not presented evidence upon which any rational trier of fact could find in his favor on either component of an Eighth Amendment claim.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *see also Richmond v. Settles*, 450 F. App'x 448, 454 (6th Cir. 2011); *Pruett v. Hatchett*, 292 F. App'x 408, 409 (5th Cir. 2008). To be sure, under *Hudson v. McMillian*, guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening injuries. *See McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). By the same token, if the objective component of the Eighth Amendment is to mean anything, it cannot be satisfied by a mere unwanted touching. *See*

---

2018 (2010). Eighth Amendment is used throughout this report and recommendation as convenient shorthand.

*Walters v. Corrections Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. 2004); *Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998); *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at * 1 (6th Cir. Jan. 31, 1996) ("[N]ot every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights."); *Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (*en banc*). Plaintiff has not shown any serious deprivation. He resisted a guard while he was being escorted back to his cell and, at most, suffered a sore neck and back for one or two weeks after his altercation with prison guards. This does not approach satisfying the objective component of an Eighth Amendment claim.

Plaintiff falls short of satisfying the subjective component of an Eighth Amendment claim. "In determining whether the use of force was wanton or unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321). It is difficult to imagine a prisoner who posed a greater threat to the safety of a prison guard than plaintiff did on the date in question. He was an inmate housed in Michigan's highest security level prison with a history of attacking guards. The video shows that defendant used minimal force in order to restrain plaintiff and protect himself. A far more forceful response would have been justified without violating the Eighth Amendment's Cruel and Unusual Punishments Clause. No reasonable trier of fact could find on the present record that defendant acted maliciously and sadistically for the purpose of causing plaintiff serious harm. *See Hudson*, 503 U.S. at 7.

### 2.  First Amendment

Plaintiff alleges that RUO Mawer "retaliated" against him for complaining to Sergeant Shroad about the shower drain by filing a "false" misconduct charge and engaging in a physical confrontation. (Compl. ¶¶ 31-38). On summary judgment, a plaintiff asserting a First Amendment retaliation[5] claim must present evidentiary proof on which a reasonable trier of fact could find (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). The plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). Here, I will assume for analytical purposes that plaintiff presented evidence sufficient to satisfy his burden.

"Even if the plaintiff establishes all three elements, the defendant may avoid liability by showing 'that the same action would have been taken in the absence of protected activity.' " *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010) (quoting *Thaddeus–X*, 175 F.3d at 399). Defendant made this showing. The video shows that plaintiff's resistance was the catalyst for the incident. A hearing officer found him guilty of the major misconduct of an assault and battery. A prisoner who claims that the bringing of a misconduct charge, in and of itself, is retaliatory faces an insurmountable obstacle where, as here, the charge is upheld by a neutral attorney-hearing officer. "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates

---

[5]"Retaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

[a] retaliation claim.' " *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)); *accord Wade–Bey v. Fluery*, No. 2:07–cv–117, 2010 WL 1028036, at * 2 (W.D. Mich. Mar.18, 2010) ("The fact that Plaintiff was found to have committed the actions alleged in the misconduct tickets, and was sanctioned accordingly, is conclusive evidence that Defendants filed the misconduct tickets against Plaintiff because he engaged in punishable activity, not as retaliation for any protected conduct."). I find that defendant is entitled to judgment in his favor as a matter of law on plaintiff's First Amendment claims.

### Recommended Disposition

For the foregoing reasons, I recommend that defendant's motion for summary judgment (docket # 14) be granted and judgment be entered in defendant's favor on all plaintiff's claims.

Dated:   October 29, 2012          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).