UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOEL MARCEL CARTER, #410324,       )<br>         Plaintiff,           )<br>                                )<br>-v-                             )<br>                                )<br>UNKNOWN MAWER,                   )<br>         Defendant.              )<br>_____ ) | No. 1:11-cv-766<br><br>HONORABLE PAUL L. MALONEY |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

While incarcerated at the Ionia Maximum Correctional Facility, Plaintiff Joel Carter was convicted of the assault and battery of Resident Unit Officer Donald Mawer. More than a year later, Mr. Carter filed suit against Mr. Mawer in federal court, alleging that Mawer used excessive force against him in violation of his Eighth Amendment rights and retaliated against him in violation of his First Amendment rights. Before this court is a Report and Recommendation issued by Magistrate Judge Scoville (ECF No. 33) recommending that the court grant Defendant Donald Mawer's motion for summary judgment (ECF No. 14) on Mr. Carter's claims. Mr. Carter has filed timely objections to the magistrate judge's recommendation. (ECF No. 34.)

For the reasons discussed below, the court accepts the Report and Recommendation and grants summary judgment in favor of Defendant Mawer.

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are

entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II.   DISCUSSION

Mr. Carter objects to the magistrate judge's R&R on seven separate grounds. The court will address each in turn.

### A.   Findings of Fact

First, Mr. Carter objects to the magistrate judge's factual findings at page 4 of the R&R:

> As [Mawer and Carter] cleared the top of the stairs and turned left towards plaintiff's cell, plaintiff became very agitated and began twisting his hands. This caused Mawer's right hand to become pinched between the handcuffs. Plaintiff turned and spat on Mawer, striking him on the left arm. (Mawer Aff. ¶ 15, ID# 117). The video shows that Mawer responded to plaintiff's attack by briefly pinning him against a wall in an effort to regain control over plaintiff's movements. Plaintiff continued to resist. Mawer wrestled plaintiff to the floor, and within a few seconds, six corrections officers came to Mawer's aid.

(R&R, ECF No. 33, at 4.) Mr. Carter argues that in making these findings, the magistrate judge failed to view the evidence in the light most favorable to the non-moving party, as is required on summary judgment. Mr. Carter repeats his own statement of facts, claiming that Mawer flung him into the wall, then "threw [him] to the ground and jumped on him." For support, Mr. Carter cites to an affidavit he had included with his summary-judgment response.

This objection lacks merit. The magistrate judge properly recognized that Mr. Carter's version of events was supported by his verified complaint and affidavit. But the magistrate judge

also expressly found that Carter's version of the facts was "utterly refuted by the video evidence," and he cited several legal precedents "recogniz[ing] that the court need not accept a party's characterization of events as true where, as here, it is blatantly contradicted by the video evidence." (R&R, ECF No. 33, at 6, 6 n.3.) This court has independently reviewed the evidence and finds that the magistrate judge properly applied the appropriate standard of review. Mr. Carter's objection is therefore OVERRULED.

### B. The Video Evidence

Mr. Carter's second objection largely tracks the first. He objects to the magistrate judge's interpretation of the video evidence, arguing that "[t]he video is inconclusive as to whether Plaintiff became agitated and began twisting his hands; whether Mawer's right hand became pinched between the handcuffs"; and whether Mawer had applied pressure to a pressure point on Mr. Carter's neck. Mr. Carter further argues that the video does not show that he spit on Mawer or kicked him in the leg. Instead, he claims that the video supports his statement of facts, showing that he "was casually walking up the stairs before Mawer slammed him into the wall and threw Plaintiff to the ground." Mr. Carter asks the court to take notice that Defendant produced the video only after losing a motion to compel (*see* ECF No. 24), and he argues that this fact demonstrates that the video must be helpful to his claim.

Mr. Carter misreads the magistrate judge's R&R. The magistrate judge found that the video contradicts Mr. Carter's characterization of the events; he did not find that the video supports each and every one of the proposed findings of fact. But contrary to Mr. Carter's claims, the video does not show that Mawer slammed him into a wall, threw him to the ground, and jumped on him. Nor does the video "show that Plaintiff did not turn around to spit on Mawer or kick him in the leg." The

3

magistrate judge's findings here are correct. Further, the fact that Defendant produced the video under protest does not require the court to see things in the video that do not exist. This objection is therefore OVERRULED.

### C. The Medical Evidence

Third, Mr. Carter objects to the magistrate judge's conclusion that "there is no evidence that plaintiff suffered any injury," as he stated in his verified complaint and affidavit that he had in fact been injured by Mr. Mawer's alleged assault.

Mr. Carter misquotes the magistrate judge. The R&R does not broadly state that "there is no evidence" of injury. It instead makes the more qualified claim that "[t]here is no *medical* evidence that plaintiff suffered any injury." (R&R, ECF No. 33, at 5 (emphasis added).) This statement is correct. The record contains no medical evidence of injury. Further, the magistrate judge specifically noted, and accepted, Mr. Carter's claim that he "could not bend his back nor turn his head" for one or two weeks. (*Id.*) This objection is therefore OVERRULED.

### D. Plaintiff's History

Next, Mr. Carter objects to the magistrate judge's statement that "[i]t is difficult to imagine a prisoner who posed a greater threat to the safety of a prison guard than plaintiff did on the date in question. He was an inmate housed in Michigan's highest security level prison with a history of attacking guards." (*Id.* at 8.) Mr. Carter again argues his flawed interpretation of the video evidence, but he also claims that the magistrate judge's finding went further than even the defendant had argued. Mr. Carter also states that he was in a high-security prison only due to his psychological problems.

While the magistrate judge's statement was strongly worded, the underlying point stands.

4

Defendant Mawer had submitted evidence showing that Mr. Carter had a well-documented history of assaulting prison staff (*see, e.g.*, Mawer Aff. ¶¶ 8–10, ECF No. 15-1, at 3), and Mr. Carter failed to rebut that evidence. The magistrate judge was not wrong to judge Mr. Carter a significant threat at the time of the assault. In any case, Mr. Carter fails to show how this claim, even if overstated, would have any significant effect on the magistrate judge's recommendation. It appears to this court that the more important fact was that "defendant used minimal force in order to restrain plaintiff and protect himself," a finding that Mr. Carter does not challenge. For these reasons, Mr. Carter's objection is OVERRULED.

### E. Mawer's Past Misconduct

Fifth, Mr. Carter argues that the magistrate judge erroneously disregarded Defendant Mawer's "extensive history of beating prisoners through extreme violence and forging misconduct[] reports as justification for his actions." But even if accepted, these allegations would not change the result here. To prevail on his claim, Mr. Carter cannot simply show that Defendant Mawer has committed misconduct in the past; he must show that Defendant Mawer violated his constitutional rights in the events at issue here. The magistrate judge found, based on the evidence in the record, that Defendant Mawer was entitled to summary judgment on that claim. A history of bad actions would not change that conclusion. This objection is therefore OVERRULED.

### F. Retaliation

Sixth, Mr. Carter objects to the magistrate judge's conclusion that his retaliation claim fails because Mr. Mawer established that "the same action would have been taken in the absence of protected activity." (R&R, ECF No. 33, at 9 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).) Carter argues that the video fails to support this finding, and that the

5

affidavits presented in his response undermine Mr. Mawer's claims to the contrary.

This objection fails.  The magistrate judge properly interpreted the evidence and correctly found that "plaintiff's resistance was the catalyst for the incident."  Mr. Carter's major-misconduct conviction further supports this finding, and Mr. Carter's objection fails to undermine the basis for the magistrate judge's recommendation.  It is therefore OVERRULED.

### G.     Retaliation

Finally, Mr. Carter objects to the following statement on page 9 of the R&R:

> A prisoner who claims that the bringing of a misconduct charge, in and of itself, is retaliatory faces an insurmountable obstacle where, as here, the charge is upheld by a neutral attorney-hearing officer.  "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'"  *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)) . . . .

(R&R, ECF No. 33, at 12.)  Mr. Carter argues that the hearing officer was not in fact neutral, citing as evidence *Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000).  In that case (an employment-discrimination and First-Amendment-protection suit brought by a former MDOC hearing officer), the Sixth Circuit found "substantial evidence suggesting that the MDOC implores its hearing officers to find no less than 90% of the defendant[s] before them guilty."  *Id.* at 607.  This case does not establish what Mr. Carter cites it for, however.  First, *Perry* was decided on summary judgment, and so that court's ruling cannot be seen as a determination that the MDOC actually did require a 90% conviction rate.  *See id.* at 600.  Second, *Perry* was decided twelve years ago.  Even if the MDOC did require a 90% conviction rate in 2000, a citation to *Perry* alone does not show that the practice continues today.  More to the point, *Perry* does not show that the hearing officer who sustained Mr. Carter's major-misconduct charge was himself biased.  Mr. Carter points to no other evidence in

support of this argument, and the magistrate judge was right to reject it. This objection is OVERRULED.

Further, Mr. Carter argues that the fact that the misconduct charge was sustained does not end the analysis, as the charge was false from the start. In support, he cites various cases for the proposition that false disciplinary charges, even if sustained, can constitute retaliation. This court does not reject that principle, and neither did the magistrate judge. But in the absence of any evidence that the charge was falsified, the fact that Mr. Carter was convicted of it is strong evidence against his retaliation claim. As the magistrate judge discussed in detail, the video evidence strongly supports the charge, and Mr. Carter fails to rebut this clear evidence that Mr. Mawer acted to subdue Mr. Carter only after Mr. Carter assaulted him. These arguments are not enough to avoid summary judgment. This objection is therefore OVERRULED.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 33) is **ADOPTED**, over objections, as the opinion of this court. Defendant Mawer's motion for summary judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

Date:   November 28, 2012              /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge